TRINA A. HIGGINS, United States Attorney (#7349)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

_____

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL J. BRETT,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br><br>Case No. 2:24-cr-00037 |

☒  The United States is not seeking detention. However, we seek pretrial release conditions, and two specific special conditions.



Broadway Hotel. Photo used by permission, Utah Historical Society

The former Broadway Hotel, pictured above in all its former glory, was built in Tooele, Utah in approximately 1909. The hotel was to be the subject of a redevelopment project until in July 2020, the hotel sustained a fire and was damaged.

The owners, including defendant DANIEL J. BRETT then began working on its demolition. Despite knowing the hotel contained asbestos, Clean Air Act provisions were not followed. The Broadway Hotel contained asbestos in numerous locations including in its thermal system/boiler insulation, in wall plaster, in rolled vinyl flooring, and in roofing materials.

Defendant DANIEL J. BRETT is charged with criminal violations of the Clean Air Act and with Knowing Endangerment for his role in demolishing the Broadway Hotel. Despite knowing that the demolition pile contained regulated asbestos-containing material, BRETT did not keep the demolition pile continually wet. Nor did he have an asbestos on-site representative during the demolition as required by the Clean Air Act. In addition, he failed to deposit the asbestos containing waste material as soon as practical by the waste generator. Finally, his conduct knowingly endangered two workers who were involved in the demolition.



Broadway Hotel during demolition. The debris pile sat for fifteen months before the Environmental Protection Agency completed an emergency clean-up action

Because this conduct is directly related to BRETT's occupation, the United States seeks the following pretrial special condition of pretrial release.  We ask that BRETT be prohibited from being employed in any construction, or land development/redevelopment capacity until the final adjudication of this case.

The district court has discretion to impose an occupational restriction as a special condition of release. The Court may order such a restriction of employment to the extent that such a condition bears a reasonably direct relationship to the conduct constituting the offense when "a reasonably direct relationship existed between the defendant's occupation, business or profession and the conduct relevant to the offense of conviction; and …imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue

to engage in unlawful conduct similar to that for which the defendant was convicted." *U.S. v. Wittig*, 528 F.3d 1280, 1287 (10th Cir. 2008).

In addition, to preserve the property in the event restitution is ordered, the United States further seeks an order that BRETT not be permitted to sell the property on which the Broadway Hotel stood without permission from the Court and the United States Attorney's Office or until final adjudication of this case.

DATED this 5th day of March, 2024.

TRINA A. HIGGINS
UNITED STATES ATTORNEY

*/s/ Ruth Hackford-Peer*

_____
RUTH HACKFORD-PEER
Assistant United States Attorney